OPINION
On February 6, 2001, the juvenile court entered the following order:
 This matter came on to be heard by the Court on the 6th day of February, 2001, upon the motion of the State of Ohio that this Court relinquish jurisdiction pursuant to Section 2151.26(B)(4)(b) of the Ohio Revised Code.
 The Court finds that there is probable cause to believe that Clinton E. McKinney committed the acts alleged in the complaint, being two counts of aggravated robbery, two counts of kidnapping, one count of aggravated burglary, one count of complicity to commit rape, and that firearm specifications apply to each count. Further, that these are all category two offenses.
* * *
 Further, this Court finds that the above child is more than fourteen years of age, to wit: sixteen at the time of the alleged offenses, and the acts alleged, two counts of aggravated robbery, two counts of kidnapping, one count of aggravated burglary, and one count of complicity to commit rape, which are category two offenses, all with firearm specifications, would be felonies if committed by an adult.
 It is therefore ordered that the motion to relinquish jurisdiction should be and hereby is granted, and this case and the said Clinton E. McKinney are hereby transferred to the Criminal Division of the Court of Common Pleas of Montgomery County, Ohio, for criminal prosecution as an adult.
 On February 28, 2001, McKinney was indicted on these charges in the common pleas court and on an additional charge of witness intimidation. Each charge carried a firearm specification.
On April 24, 2001, McKinney entered pleas of guilty to one count of aggravated burglary, two counts of aggravated robbery, one count of complicity to commit rape, and one firearm specification. The remaining charges and firearm specifications were dismissed in return for the guilty pleas. On July 18, the trial court sentenced McKinney to consecutive sentences on all counts and the firearm specification for an aggregate sentence of 34 years. The trial court also determined that McKinney was a sexual predator.
On appeal, McKinney advances the following assignment of error:
 THE JUVENILE COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ORDERED THAT APPELLANT BE TRIED AS AN ADULT ON ALL THE CHARGES EXCEPT FOR THE BURGLARY CHARGE.
 The applicable statutory provision is R.C. 2151.26(B) which provide in pertinent part as follows:
 (B) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there is probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:
* * *
 (4) The act charged is a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:
* * *
 (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
 The gist of McKinney's appellate argument is that his case was only properly transferred to the court of common pleas on the aggravated burglary charge because it was only as to that offense that the State's evidence satisfied R.C. 2151.26(B)(4)(b), i.e., that McKinney had a firearm on or about his person or under his control while committing the charged offense and that he displayed, brandished, indicated possession of, or used the firearm to facilitate commission of the charged offense.
We disagree. We have reviewed the transcript of the probable cause hearing and are satisfied that the State satisfied its burden under R.C.2151.26(B)(4)(b) as to aggravated burglary — which McKinney concedes — two counts of aggravated robbery, two counts of kidnapping, and one count of complicity to commit rape. (The two counts of kidnapping were dismissed as was the intimidation charge, which was not before the juvenile court).
Although the State concedes that its evidence does not establish that McKinney possessed the gun during the sexual assaults upon the female victim, we believe the State's concession is too generous.
According to statements McKinney and a co-defendant, Jon Saulnier, gave to the Sheriff's Office, McKinney carried the gun while they and a third juvenile broke into the victims' home. (The victims were a married couple). According to McKinney and Saulnier, after the three entered the home, McKinney gave the gun to Saulnier. According to the testimony of the male victim, he saw the same intruder — which the evidence established was McKinney — holding the gun during the aggravated burglary, the two kidnappings, and the two aggravated robberies. Although the male victim did not testify that he saw McKinney holding a gun while his wife was being sexually assaulted, he did testify that he hadn't seen the gun in the possession of either of the other two intruders.
It appears that the trial court credited the male victim's version as to who was holding the gun after the break in over the McKinney/Saulnier versions. As such we believe the juvenile court could have reasonably inferred that McKinney continued to hold the gun during the sexual assaults of the female victim.
Accordingly, the assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J. and YOUNG, J., concur.